UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. '08 MJ 2479 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 18, U. S. C., Section. 111(a)(1) Assault on a Federal Officer |
| Emeterio LOPEZ-Lopez, | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |

FILED 2008 AUG 11 AM 10:28 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY _____ DEPUTY

The undersigned complainant, being duly sworn, states:

**COUNT ONE**

On or about **August 9, 2008**, within the Southern District of California, defendant **Emeterio LOPEZ-Lopez**, did forcibly assault, resist, oppose, impede and interfere with Agents **Thomas R. Ward, Jr.**, and **Michael A. Riches** agents of the United States Border Patrol, while Agent **Thomas R. Ward, Jr.**, was engaged in or on account of the performance of his official duties; a felony, in violation of Title 18, United States Code, Sections 111 and 1114.

**COUNT TWO**

On or about **August 9, 2008**, within the Southern District of California, defendant **Emeterio LOPEZ-Lopez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Antonio CHAVEZ-Soto, Jose Manuel GUERRERO-Resendiz, Gerardo REYES-Gutierrez, Gabriel VAZQUEZ-Sanchez, Juan Ubaldo MANRIQUEZ-Alcantra, Fernando Antonio LOPEZ-Martinez** and **Eulelio JACOBO-Vazquez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Terri L. Dimolios
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **11th** DAY OF **AUGUST, 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Antonio CHAVEZ-Soto, Jose Manuel GUERRERO-Resendiz, Gerardo REYES-Gutierrez, Gabriel VAZQUEZ-Sanchez, Juan Ubaldo MANRIQUEZ-Alcantra, Fernando Antonio LOPEZ-Martinez** and **Eulelio JACOBO-Vazquez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 9, 2008, Department of Homeland Security, United States Border Patrol, Acting Supervisory Border Patrol Agent T. R. Ward, Jr., was driving a marked 2008 Ford Crown Victoria United States Border Patrol vehicle in the area of the Skyline Truck Trail in Jamul, California. In the front passenger seat of Agent Ward's vehicle was Supervisory Border Patrol Agent M. A. Riches.

At approximately 9:00 pm on August 9, 2008, the Agents observed what they believed to be a vehicle used to smuggle illegal aliens traveling on the Skyline Truck trail. The vehicle was a green Jeep Cherokee bearing California license plate. Agents pulled behind the Jeep Cherokee as it continued traveling on Skyline Truck Trail. Agents activated their vehicle's emergency lights in an effort to stop the Jeep Cherokee. The Jeep Cherokee failed to stop and continued traveling on Skyline Truck Trail. The Jeep Cherokee ran a stop sign at which time the Agents ended their pursuit and turned off their emergency lights.

Agents then began traveling on the local residential streets in an effort to locate the green Jeep Cherokee. After several minutes, Agents traveled onto Ivanhoe Ranch Road and eventually located the same green Jeep Cherokee bearing California license plate parked on the opposite side of the street facing the Agents.

Agent Ward drove the marked Border Patrol vehicle toward the Jeep Cherokee and parked head-on approximately six to ten feet from the front of the Jeep Cherokee. Agent ward was able to see the ground between the front of his vehicle and the front of the Jeep Cherokee. Neither Agent could see anyone in the vehicle and both men believed the vehicle was empty.

As Agents parked and began to exit their vehicle, the headlights on the Jeep Cherokee turned on and the defendant drove the Jeep Cherokee forward, striking the front of the marked Border Patrol vehicle. The impact knocked Agent Riches to the ground as a result of being hit by the open front passenger side door of the Border Patrol vehicle. Agent Ward was also knocked backward by the impact as he attempted to exit through the driver's side door of the Border Patrol vehicle.

At that time the defendant backed up the Jeep Cherokee a short distance and once again drove forward striking the front of the Border Patrol vehicle. Both Agents drew their Border Patrol issued weapons and gave instructions to the defendant in both English and Spanish. The defendant complied and was removed from the vehicle and taken into custody without incident. The Jeep Cherokee came to rest with its front bumper on the hood of the Border Patrol vehicle.

The defendant was advised of his Miranda Rights in the Spanish language. The defendant invoked his right to counsel and refused to speak to investigators.



**CONTINUATION OF COMPLAINT:**
Emeterio LOPEZ-Lopez

Also in the Jeep Cherokee at the time of the defendant's arrest were seven illegal aliens who were all taken into custody and held as material witnesses. The seven were subsequently advised of their rights, interviewed, and provided the following statements:

The following persons: **Antonio CHAVEZ-Soto, Eulelio JACOBO-Vasquez, Gabriel VAZQUEZ-Sanchez, Gerardo REYES-Gutierrez,** and **Jose GUERRERO-Resendiz** each stated they are citizens of Mexico and do not have any immigration documents that would allow them to be present or remain in the United States legally.

**Antonio CHAVEZ-Soto** was seated in the front passenger seat of the Jeep Cherokee at the time of the collision. **Chavez-Soto** stated that the Border Patrol vehicle came to a stop in front of the Jeep Cherokee at which time the defendant got scared and attempted to drive away from the Agents. **Chavez-Soto** stated the Jeep Cherokee ran into the front of the Border Patrol vehicle.

**Eulelio JACOBO-Vasquez** stated that the Jeep Cherokee ran into the front of the Border Patrol vehicle.
**Gabriel VAZQUEZ-Sanchez** stated the Border Patrol vehicle drove into the front of the Jeep Cherokee.
**Gerardo REYES-Gutierrez** stated the Border Patrol vehicle drove into the front of the Jeep Cherokee.
**Jose GUERRERO-Resendiz** was not sure which vehicle initiated the contact.
**Fernando LOPEZ-Martinez** stated he is a citizen of El Salvador and does not have any immigration documents that would allow him to be present or remain in the United States legally.
**Fernando LOPEZ-Martinez** stated the Border Patrol vehicle drove into the front of the Jeep Cherokee.
**Juan MANRIQUEZ-Alcantra** invoked his right to counsel and refused to speak to investigators.

I believe there is probable cause to believe that on August 9, 2008, within the Southern District of California, defendant **Emeterio LOPEZ-Lopez**, did knowingly and intentionally, willfully and forcibly assault, resist, oppose, impede or interfere with a person named in Title 18 U.S.C. Section 1114, namely Department of Homeland Security, United States Border Patrol, Acting Supervisory Border Patrol Agent **Thomas R. Ward, Jr.**, and in that defendant, in an effort to resist arrest, drove his vehicle into the marked United States Border Patrol vehicle driven by Agent Ward while Agent Ward was engaged in the performance of his official duties, in violation of Title 18, U.S.C., Section 111(a)(1).

I also believe that on August 9, 2008, within the Southern District of California, defendant **Emeterio LOPEZ-Lopez**, did knowingly and intentionally, willfully and forcibly assault, resist, oppose, impede or interfere with a person named in Title 18 U.S.C. Section 1114, namely Department of Homeland Security, United States Border Patrol, Supervisory Border Patrol Agent **Michael A. Riches**, in that defendant, in an effort to resist arrest, drove his vehicle into the marked United States Border Patrol vehicle that Agent Riches was traveling in while Agent Riches was engaged in the performance of his official duties, in violation of Title 18, U.S.C., Section 111(a)(1).

Finally, the affiant states that **Antonio CHAVEZ-Soto, Jose Manuel GUERRERO-Resendiz, Gerardo REYES-Gutierrez, Gabriel VAZQUEZ-Sanchez, Juan Ubaldo MANRIQUEZ-Alcantra, Fernando Antonio LOPEZ-Martinez** and **Eulelio JACOBO-Vazquez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material; that it is impractical to secure their attendance at the trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, U.S.C., Section 3144.